UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO: 5:24-CR-094-H-BV-1 |
| | § | |
| ROBERTO GALLEGOS | § | |

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY**
**BEFORE UNITED STATES MAGISTRATE JUDGE**

The defendant, by consent and under the authority of *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), appeared with counsel for the purpose of entering a guilty plea under Federal Rule of Criminal Procedure 11. This Report and Recommendation is submitted to the United States District Judge under 28 U.S.C. § 636(b)(3).

A.   **Recommendation regarding Guilty Plea**

The defendant was placed under oath and examined in open court concerning the subjects of Rule 11 of the Federal Rules of Criminal Procedure. The defendant was advised regarding each subject and affirmed his/her understanding of each subject. Pursuant to a written plea agreement with the government, the defendant pled guilty to Count One of the Indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)—Possession with Intent to Distribute Methamphetamine.

After examining the defendant under oath, I find that:

1. The defendant, upon advice of counsel, consented orally and in writing to enter this guilty plea before a magistrate judge, subject to final approval and sentencing by the presiding district judge;

2. The defendant fully understands the nature of the charges, including each essential element of the offense(s) charged, and the associated penalties;

3. The defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. The defendant understands all his/her constitutional and statutory rights and wishes to waive these rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. The defendant's plea is made freely and voluntarily;

6. The defendant is competent to enter this plea of guilty;

7. There is a factual basis to support this plea; and

8. The ends of justice are served by acceptance of the defendant's plea of guilty.

Based on these findings, I recommend that the defendant's guilty plea be accepted, that the defendant be adjudged guilty, and that sentence be imposed accordingly.

**B.    Recommendation regarding 18 U.S.C. § 3143(a)(2)—release or detention of a defendant pending sentence.**

The undersigned magistrate judge previously determined that a combination of a bond and conditions of pretrial release would reasonably assure the defendant's appearance for trial and the safety of the community. *See* 18 U.S.C. § 3142 (a), (b), (c)(1)(B); Dkt. Nos. 17, 18, 21. As of this date, the undersigned magistrate judge is unaware of any violations of the defendant's bond or conditions of release. Even so, the defendant may be subject to mandatory detention pending sentencing because the offense to which the defendant is pleading guilty involves a maximum term of imprisonment of ten years or more under the Controlled Substances Act, 21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act, 21 U.S.C. § 921 et seq., or Chapter 705 of

Title 46. *See* 18 U.S.C. § 3142(f)(1)(C). According to the plea agreement executed by defendant, the Court can impose a maximum term of imprisonment of not more than twenty years.

Under applicable law, the defendant must be ordered detained pending sentencing unless: (1) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, the government has recommended that no sentence of imprisonment be imposed, or it is clearly shown that there are exceptional reasons why the defendant's detention would not be appropriate; *and* (2) the court finds by clear and convincing evidence that defendant is not likely to flee or pose a danger to any other person or the community if released. *See* 18 U.S.C. §§ 3143(a)(2), 3145(c); *United States v. Carr*, 947 F.2d 1239 (5th Cir. 1991). Thus, if the Court accepts this Report and Recommendation and adjudges the defendant guilty, the undersigned magistrate judge recommends that the defendant be detained pending imposition or execution of sentence unless the defendant establishes one of the foregoing exceptions.

Although I have conducted these proceedings and accepted the defendant's guilty plea, the United States District Judge has the power to review my actions and possesses final decision-making authority in this proceeding. Thus, if there are any objections to these findings or any other action of the undersigned, the defendant is required to make those known to the within fourteen (14) days of today.

Signed on April 30, 2025.

                                                      */s/ Amy Burch*
                                                     AMANDA 'AMY' R. BURCH
                                                     UNITED STATES MAGISTRATE JUDGE